UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

USA TIRE MARKETING INC., a
Canadian corporation,

            Plaintiff,

    v.

TORQUE TRANSPORT, a Canadian
corporation; COMPREHENSIVE
TRAFFIC SYSTEMS INC., a Colorado
corporation; DAVID C WILSON and
THERESA M WILSON, individually and
the marital community composed thereof,
d/b/a Wilson Brothers Heavy Hauling;
THE TIRE GUYS INC., d/b/a Tire-Rama,
a Montana corporation; RIO TINTO
ENERGY AMERICA INC., d/b/a Jacobs
Ranch Mine, a Delaware corporation,

            Defendants.

CASE NO. C07-5470BHS

ORDER GRANTING
DEFENDANT TIRE GUY'S
MOTION TO COMPEL
PRODUCTION OF
PLAINTIFF'S PRIVATE
INVESTIGATOR'S REPORT

This matter comes before the Court on Defendant Tire Guy's Motion to Compel Production of Plaintiff's Private Investigator's Report (Dkt. 56). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the complaint, the facts underlying this matter are as follows: In January of 2006, USA Tire Marketing, Inc. ("USA Tire") engaged Torque Transport to

ORDER - 1

deliver 12 tires to an address in Vancouver, Washington in conjunction with a sale of the tires to Evergreen Parts & Equipment ("the Buyer"). Torque Transport engaged Comprehensive Traffic Systems, Inc. ("CTS") to effect the transport and delivery of the tires. On or about February 1, 2006, the Tires were delivered to the Buyer in Vancouver, Washington. The Buyer rejected the tires.

Torque Transport, CTS, or both, directed that the tires then be delivered to a lot located in Lacey, Washington and rented by Defendants David C. Wilson and Theresa M. Wilson. The tires were to be stored until arrangements could be made for delivery to a different purchaser. The tires were delivered to the Lacey location in two shipments on February 1 and February 5 of 2006.

On March 22, 2006, USA Tire engaged Torque Transport to deliver six of the tires to a buyer in Wyoming. On April 13, 2006, USA Tire engaged Torque Transport to deliver the other six tires to a buyer in Delaware.

On March 22, 2006, the Wilsons agreed to sell the tires to Defendant Rio Tinto Energy America, Inc. ("Rio Tinto"). Defendant The Tire Guys, Inc. ("Tire-Rama") arranged and brokered the sale. The tires were delivered to Rio Tinto in Wyoming on April 1, 2006.

On June 5, 2008, the Court entered default judgment against Defendants David C. Wilson and Theresa M. Wilson in the sum of $540,000.00, plus costs and interest. Dkt. 51.

Tire-Rama now moves to compel disclosure of USA Tire's private investigator report. Dkt. 56. USA Tire contends that the report is covered by the work product doctrine. Tire-Rama contends that there are issues of fact as to whether the tires sold to Rio Tinto are the tires owned by USA Tire and that USA Tire's investigative report is the only source of this information obtainable without undue hardship.

## II. STANDARDS

Federal Rule of Civil Procedure 26 governs discovery and provides, in part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). Discovery must be limited if the Court determines that the discovery sought is unreasonably cumulative or duplicative or is obtainable from a more convenient, less burdensome, or less expensive source; that the seeking party has had ample opportunity to obtain the information sought; or that the burden or expense of the discovery request outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

If a party fails to answer an interrogatory or a request for production, the party may move to compel disclosure pursuant to Federal Rule of Civil Procedure 37. Fed. R. Civ. P. 37(a)(3)(B). The motion must certify that the parties have made a good faith effort to confer and resolve the dispute themselves. Fed. R. Civ. P. 37(a)(1). A good faith effort to confer "requires a face-to-face meeting or a telephone conference." Local Rule CR 37(a)(2)(A).

In this case, counsel for USA Tire and Tire-Rama conferred on July 9, 2007, but were unable to resolve this discovery dispute without seeking intervention by the Court. Dkt. 57 at 2. Tire-Rama now moves for an order compelling USA Tire to produce a copy of its investigator's report as identified in its response to Defendant Torque Transport's Interrogatory 16. Dkt. 56-2.

## III. DISCUSSION

Trial preparation materials ordinarily are not discoverable unless the requesting party has a substantial need for the work product materials and cannot obtain the substantial equivalent absent undue hardship:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
> (i) they are otherwise discoverable under Rule 26(b)(1); and
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
> (B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). The work product doctrine extends to documents created by investigators working for attorneys if the documents were created in anticipation of litigation. *In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management)*, 357 F.3d 900, 907 (9th Cir. 2004). To qualify for protection under the work product doctrine, documents must be prepared (1) in anticipation of litigation or for trial (2) by or for another party or by or for the other party's representative. *In re California Public Utilities Com'n*, 892 F.2d 778, 780-81 (9th Cir. 1989).

If the document is prepared in anticipation of litigation and to serve another purpose, the document will be deemed prepared "in anticipation of litigation" and eligible for work product protection if the document was prepared or obtained *because of* the prospect of litigation. *In re Grand Jury Subpoena*, 357 F.3d at 907. Under this "because of" standard, courts do not weigh the primary or secondary motives behind the creation of the document and instead consider the totality of the circumstances and whether the document would not have been created in a substantially similar form but for the prospect of litigation. *Id.* at 908. The work product doctrine will apply if the "litigation purpose so

permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole." *Id.* at 910. Put another way, "[i]f the document would not have been generated 'but for' litigation, it is privileged. However, if it was generated for purposes other than litigation, even though litigation may have been a 'real possibility', it must be disclosed." *Id.* The Court therefore first inquires whether USA Tire's investigative report is covered by the work product doctrine and then whether disclosure is proper.

**A.       WORK PRODUCT DOCTRINE**

Tire-Rama contends that the report does not fall within the work product doctrine because it was prepared due to USA Tire's "need to find its tires" and that this purpose constitutes "separate and distinct business purpose." Dkt. 56 at 6. To determine the purpose behind the investigator's report, the Court reviews the facts surrounding the creation of the report.

USA Tire retained the law firm of Inslee Best & Ryder, P.S. ("Inslee Best") on April 21, 2006, to file a civil lawsuit to recover damages due to perceived misappropriation of USA Tire's tires. Dkt. 63 at 2. In December of 2006, Inslee Best hired Woodruff & Associates, PLLC Investigations ("Woodruff & Associates") "to assist in preparing plaintiff's legal claims, determine the proper defendants, and determine the final disposition of the Tires." *Id.* at 2. At the direction of USA Tire's counsel, Woodruff & Associates interviewed witnesses, performed research, and prepared investigative reports for Inlsee Best. *Id.* Inslee Best filed the complaint in this matter on September 7, 2007. Dkt. 1. Woodruff & Associates continues to assist Inslee Best in the prosecution of this litigation. Dkt. 63 at 2.

The Court concludes that investigative reports prepared by Woodruff & Associates at the direction of Inslee Best were prepared in anticipation of litigation and therefore are not discoverable unless Tire-Rama demonstrates a substantial need for the reports and that it cannot obtain the substantial equivalent without undue hardship. The reports were

1 prepared at the direction of USA-Tire's counsel, who was retained to pursue a civil
2 lawsuit to recover damages for alleged misappropriation of USA Tire's property. To the
3 extent that the reports also served the purpose of helping USA Tire locate and recover its
4 property, this purpose cannot be discretely separated from the anticipated litigation.

**B.    SUBSTANTIAL NEED AND UNDUE HARDSHIP**

USA Tire identifies several other sources for information that Tire-Rama hopes is contained in Woodruff & Associates' reports. According to Tire-Rama, Joe Nagel of CTS believes that the tires belonging to USA Tire could be located at one of three Denny's Restaurant locations. *See* Dkt. 57, Exh. B at 10; Dkt. 57, Exh. D at 18. Tire-Rama contends that Mr. Nagel is currently in Jordan and cannot be contacted. *See* Dkt. 57 at 2-3 (detailing efforts to contact Mr. Nagel). According to USA Tire, CTS has agreed to contact Mr. Nagel to determine his availability for a deposition. Dkt. 63 at 3. As of July 28, 2008, CTS has been unable to contact Mr. Nagel. Dkt. 67 at 2.

Tire-Rama contends that the only other source of this information is the Wilsons, who have defaulted in this matter. *See* Dkt. 56 at 3 ("The Wilsons could sort this out but we doubt they will respond to a subpoena given that they have failed to respond to this lawsuit."). Tire-Rama has admittedly made no attempt to subpoena the Wilsons.

According to USA Tire, John Griffiths of First State Logistics is the truck driver who transported the tires to the Wilsons' lot and may have information sought by Tire-Rama. Tire-Rama has been unable to locate Mr. Griffiths or First State Logistics despite pursuing contact information provided by CTS in response to discovery requests and conducting its own research. Dkt. 66 at 4 Dkt. 67 at 3.

USA Tire has also identified seven current or former employees of the Wilsons who were allegedly present at the time the tires were delivered to the Wilsons. Tire-Rama has attempted to contact these witnesses; Tire-Rama has been unable to contact five of the witnesses, and the two witnesses who were contacted deny having any knowledge

relating to the origin of the tires and deny being present when the tires were delivered. Dkt. 66 at 4; Dkt. 67 at 4-5.

Finally, USA Tire contends that Tire-Rama may obtain substantially equivalent information from Grace Wilson, who accepted payment on behalf of the Wilsons. Tire-Rama contacted Grace Wilson, and she denies having any knowledge of the Wilsons' business or of the tires located on the Wilsons' property Dkt. 66 at 4.

Tire-Rama has demonstrated a substantial need for information regarding the identity and location of the tires stored on the Wilsons' lot and sold to Rio Tinto. Tire-Rama has endeavored to contact individuals who may provide information substantially equivalent to that contained in Woodruff & Associates' reports but has been unable to do so. Accordingly, USA Tire shall produce a copy of Woodruff & Associates' reports, redacting the mental impressions, conclusions, opinions, or legal theories of USA Tire's attorneys or other representatives concerning this litigation.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant Tire Guy's Motion to Compel Production of Plaintiff's Private Investigator's Report (Dkt. 56) is **GRANTED**.

DATED this 11th day of August, 2008.

BENJAMIN H. SETTLE
United States District Judge